TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARIA ELENA STITELER (Cal. Bar No. 296086)
ANNA P. FARIAS-EISNER (Cal. Bar No. 322791)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-6148 / 2170
        Facsimile: (213) 894-0141
        E-mail:   maria.stiteler@usdoj.gov
                  anna.farias-eisner@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-00755-SVW-1 |
|      Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>MARVIN WAYNE BRYANT, JR.</u> |
|         v. | |
| MARVIN WAYNE BRYANT, JR., | |
|      Defendant. | |

    1.   This constitutes the plea agreement between MARVIN WAYNE

BRYANT, JR. ("defendant") and the United States Attorney's Office for

the Central District of California (the "USAO") in the above-

captioned case.  This agreement is limited to the USAO and cannot

bind any other federal, state, local, or foreign prosecuting,

enforcement, administrative, or regulatory authorities.

*LMB*
10/06/2021

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts Seventeen and Twenty-Six of the indictment in <u>United States v. Bryant, et al.,</u> CR No. 19-0755-SVW, which charge defendant with Bank Fraud, in violation of 18 U.S.C. § 1344(2) and with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1), respectively.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   With respect to Count Seventeen, recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that: (a) the offense level used by the Court to determine that range is 13 or higher, and (b) the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSES</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in Count Seventeen of the indictment, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), the following must be true:

a.   First, defendant knowingly carried out a scheme or plan to obtain money from a financial institution by making false statements or promises;

b.    Second, defendant knew that the statements or promises were false;

c.    Third, the statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money;

d.    Fourth, defendant acted with the intent to defraud; and

e.    Fifth, the financial institution was federally insured.

5.    Defendant understands that for defendant to be guilty of the crime charged in Count Twenty-Six of the indictment, that is, Aggravated Identity Theft, in violation of Title 18, United States Code, Section 1028A(a)(1), the following must be true:

a.    First, defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

b.    Second, defendant knew that the means of identification belonged to a real person; and

c.    Third, defendant did so during and in relation to the offense of bank fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Seventeen of the indictment.

<u>PENALTIES AND RESTITUTION</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1344(2), is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain

1  or gross loss resulting from the offense, whichever is greatest; and

2  a mandatory special assessment of $100.

3       7.   Defendant understands that the statutory maximum sentence

4  that the Court can impose for a violation of Title 18, United States

5  Code, Section 1028A(a)(1), is: two years' imprisonment; a one-year

6  period of supervised release; a fine of $250,000 or twice the gross

7  gain or gross loss resulting from the offense, whichever is greatest;

8  and a mandatory special assessment of $100.

9       8.   Defendant understands, therefore, that the total maximum

10  sentence for all offenses to which defendant is pleading guilty is:

11  32 years' imprisonment; a five-year period of supervised release;[1] a

12  fine of $1,250,000 or twice the gross gain or gross loss resulting

13  from the offenses, whichever is greatest; and a mandatory special

14  assessment of $200.

15       9.   Defendant understands that the statutory mandatory minimum

16  sentence that the Court must impose for a violation of Title 18,

17  United States Code, Section 1028A, as charged in Count Twenty-Six of

18  the indictment, is a two-year term of imprisonment, which must run

19  consecutive to any other sentence of imprisonment, and a mandatory

20  special assessment of $100.

21       10.  Defendant understands that defendant will be required to

22  pay full restitution to the victims of the offenses to which

23  defendant is pleading guilty.  Defendant agrees that, in return for

24  _____

25     [1] Defendant understands that there is case law suggesting that
the term of supervised release on Count Twenty-Six could be imposed

26  to run consecutively to the terms of supervised release on Count
Seventeen.  While the USAO does not intend to seek a consecutive term

27  of supervised release, defendant understands that if the Court were
to impose a consecutive term of supervised release, the maximum term

28  of supervised release for all of the counts of conviction would be
six years, rather than five years as stated in the text above.

the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $53,680, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant

understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

13.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

14.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant

7

and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support pleas of guilty
to the charges described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 16 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning on or about July 19, 2015, and continuing to on or
about April 19, 2016, in Orange and Los Angeles Counties, within the
Central District of California, defendant knowingly and with the
intent to defraud, executed a scheme to defraud and obtain money from
Bank of America, a federally insured financial institution, by means
of material false and fraudulent pretenses and representations.

With knowledge of a unique programming feature of Bank of
America's Automated Teller Machines ("ATMs"), which the bank has
since changed, defendant loitered around Bank of America ATMs at
various bank branches throughout Southern California.  While doing
so, defendant watched as bank customers conducted transactions at the
ATMs using their Bank of America ATM cards.  After misappropriating
the ATM PIN of an unwitting bank customer, defendant would then wait
for the customer to complete their transaction and walk away from the
ATM.  If the customer failed to hit a digital button that completely
terminated all ATM access to the customer's account, defendant would
access the customer's bank account, without authorization, by
immediately going to the ATM, hitting a button that requested another
transaction, and re-entering the stolen PIN.  Defendant thereby
falsely represented himself to be the actual bank customer who was
entitled to withdraw money from the bank account associated with the

8

customer's ATM card and PIN.  These false representations were material to Bank of America, that is, they had a natural tendency to influence and were capable of influencing Bank of America to part with money.

After fraudulently gaining access to the customer's account, defendant would then execute, and attempt to execute, multiple fraudulent and unauthorized withdrawals of cash from the customer's Bank of America account.  On at least four occasions, defendant engaged in this scheme with co-defendant TANIA SHANAE OLIVER; and on at least one occasion, defendant engaged in this scheme with co-defendant LEONARD CORDELL WILLIAMS, JR.

By the above-described scheme, defendant made fraudulent and unauthorized cash withdrawals on approximately 114 occasions from approximately 91 separate customer accounts and thereby stole at least approximately $53,680 from Bank of America.  Specifically and among other transactions, defendant knowingly, and with the intent to defraud, executed the following unauthorized ATM cash withdrawals using misappropriated PIN codes on at least the following dates:

a.    On September 3, 2015, defendant and co-defendant OLIVER made an $820 unauthorized cash withdrawal from the account of Bank of America customer L.G.D. using a bank ATM located in Garden Grove, California.  ATM photographs show defendant and co-defendant OLIVER making this fraudulent withdrawal.

b.    On September 3, 2015, defendant and co-defendant OLIVER made a $200 unauthorized cash withdrawal from the account of Bank of America customer B.H. using a bank ATM located in Garden Grove, California.  ATM photographs show defendant and co-defendant OLIVER making this fraudulent withdrawal.

c.   On September 3, 2015, defendant and co-defendant OLIVER made an $800 unauthorized cash withdrawal from the account of Bank of America customer W.E.J. using a bank ATM located in Garden Grove, California.  ATM photographs show defendant and co-defendant OLIVER making this fraudulent withdrawal.

d.   On September 3, 2015, defendant made a $600 unauthorized cash withdrawal from the account of Bank of America customer G.P. using a bank ATM located in Garden Grove, California. ATM photographs show defendant making this fraudulent withdrawal.

e.   On October 9, 2015, defendant made a $400 unauthorized cash withdrawal from the account of Bank of America customer J.W.Y. using a bank ATM located in Huntington Beach, California.  ATM photographs show defendant making this fraudulent withdrawal.

f.   On October 23, 2015, defendant made a $400 unauthorized cash withdrawal from the account of Bank of America customer C.E.S. using a bank ATM located in Huntington Beach, California.  ATM photographs show defendant making this fraudulent withdrawal.

g.   On November 7, 2015, defendant and co-defendant WILLIAMS made a $1,000 unauthorized cash withdrawal from the account of Bank of America customer J.A. using a bank ATM located in North Hollywood, California.  ATM photographs and video surveillance show defendant and co-defendant WILLIAMS making this fraudulent withdrawal.

h.   On November 9, 2015, defendant made a $400 unauthorized cash withdrawal from the account of Bank of America customer N.J.B.A. using a bank ATM located in Sherman Oaks,

California.  ATM photographs and video surveillance show defendant making this fraudulent withdrawal.

i.   On February 15, 2016, defendant and co-defendant OLIVER made a $1,000 unauthorized cash withdrawal from the account of Bank of America customer L.L. using a bank ATM located in Monterey Park, California.  ATM photographs and video surveillance show defendant and co-defendant OLIVER making this fraudulent withdrawal.

j.   On March 19, 2016, defendant made a $400 unauthorized cash withdrawal from the account of Bank of America customer K.H.L. using a bank ATM located in Arcadia, California.  ATM photographs show defendant making this fraudulent withdrawal.

Additionally, on November 9, 2015, defendant knowingly without legal authority used a means of identification belonging to another person, namely, the PIN for Bank of America customer N.J.B.A. Defendant used N.J.B.A.'s PIN to make an unauthorized cash withdrawal of $400 from N.J.B.A.'s account using a bank ATM located in Sherman Oaks, California.  At the time of the transaction, defendant knew that the means of identification, belonged to a real person, namely, that the PIN belonged to N.J.B.A.  Finally, defendant used N.J.B.A.'s PIN during and in relation to his felony violation of bank fraud, in violation of 18 U.S.C. § 1344(2).

SENTENCING FACTORS

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have

any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and up to the maximum set

by statute for the crimes of conviction.

    16.   Defendant and the USAO agree to the following applicable

Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss Exceeding $40,000 | +6 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Offense involved 10 or more victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A) |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1(a) |
| Total Offense Level: | 13 | |

The USAO will agree to a two-level downward adjustment for acceptance

of responsibility (and, if applicable, move for an additional one-

level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the

conditions set forth in paragraph 3.d are met and if defendant has

not committed, and refrains from committing, acts constituting

obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as

discussed below.  Subject to paragraph 27 below, defendant and the

USAO agree not to seek, argue, or suggest in any way, either orally

or in writing, that any other specific offense characteristics,

adjustments, or departures relating to the offense level be imposed.

Defendant agrees, however, that if, after signing this agreement but

prior to sentencing, defendant were to commit an act, or the USAO

were to discover a previously undiscovered act committed by defendant

prior to signing this agreement, which act, in the judgment of the

USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  Defendant understands that the Court must sentence defendant to a term of two years' imprisonment on Count Twenty-Six, which must run consecutive to any term of imprisonment imposed for Count Seventeen.

## WAIVER OF CONSTITUTIONAL RIGHTS

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.    Defendant agrees that, provided the Court, before imposition of the mandatory consecutive sentence of two years imprisonment on Count Twenty-Six, imposes a term of imprisonment on Count Seventeen within or below the range corresponding to a total offense level of 13 and a criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is

14

within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $53,680; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above, and, before imposition of the mandatory consecutive sentence of two years imprisonment on Count Twenty-Six, the Court imposes a term of imprisonment on Count Seventeen within or above the range corresponding to a total offense level of 13 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception of that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $53,680.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result

15

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

                    RESULT OF VACATUR, REVERSAL OR SET-ASIDE

    22.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

                        EFFECTIVE DATE OF AGREEMENT

    23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

                           BREACH OF AGREEMENT

    24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

1  against defendant, and defendant waives and gives up any claim under

2  the United States Constitution, any statute, Rule 410 of the Federal

3  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4  Procedure, or any other federal rule, that the statements or any

5  evidence derived from the statements should be suppressed or are

6  inadmissible.

7            COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8                          OFFICE NOT PARTIES

9       26.  Defendant understands that the Court and the United States

10 Probation and Pretrial Services Office are not parties to this

11 agreement and need not accept any of the USAO's sentencing

12 recommendations or the parties' agreements to facts or sentencing

13 factors.

14      27.  Defendant understands that both defendant and the USAO are

15 free to: (a) supplement the facts by supplying relevant information

16 to the United States Probation and Pretrial Services Office and the

17 Court, (b) correct any and all factual misstatements relating to the

18 Court's Sentencing Guidelines calculations and determination of

19 sentence, and (c) argue on appeal and collateral review that the

20 Court's Sentencing Guidelines calculations and the sentence it

21 chooses to impose are not error, although each party agrees to

22 maintain its view that the calculations in paragraph 16 are

23 consistent with the facts of this case.  While this paragraph permits

24 both the USAO and defendant to submit full and complete factual

25 information to the United States Probation and Pretrial Services

26 Office and the Court, even if that factual information may be viewed

27 as inconsistent with the facts agreed to in this agreement, this

28

paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

//

//

1             <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      30. The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 TRACY L. WILKISON
   Acting United States Attorney

9

10 *Anna Farias-Eisner*
                                             October 8, 2021
   _____           _____
11 ANNA P. FARIAS-EISNER                     Date
   MARIA ELENA STITELER
12 Assistant United States Attorney
                                              10/8/2021
13 _____           _____
   MARVIN WAYNE BRYANT, JR.               Date
14 Defendant

15 _____           _____
   JOHN A. TARGOWSKI                         10-8-2021
16 Attorney for Defendant                   Date
   MARVIN WAYNE BRYANT, JR.

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough

3  time to review and consider this agreement, and I have carefully and

4  thoroughly discussed every part of it with my attorney.  I understand

5  the terms of this agreement, and I voluntarily agree to those terms.

6  I have discussed the evidence with my attorney, and my attorney has

7  advised me of my rights, of possible pretrial motions that might be

8  filed, of possible defenses that might be asserted either prior to or

9  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charges and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19  _____        10/8/2021

20  MARVIN WAYNE BRYANT, JR.                Date
    Defendant

21

22

23

## CERTIFICATION OF DEFENDANT'S ATTORNEY

24    I am MARVIN WAYNE BRYANT, JR.'s attorney.  I have carefully and

25  thoroughly discussed every part of this agreement with my client.

26  Further, I have fully advised my client of his rights, of possible

27  pretrial motions that might be filed, of possible defenses that might

28  be asserted either prior to or at trial, of the sentencing factors

1  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2  provisions, and of the consequences of entering into this agreement.

3  To my knowledge: no promises, inducements, or representations of any

4  kind have been made to my client other than those contained in this

5  agreement; no one has threatened or forced my client in any way to

6  enter into this agreement; my client's decision to enter into this

7  agreement is an informed and voluntary one; and the factual basis set

8  forth in this agreement is sufficient to support my client's entry of

9  guilty pleas pursuant to this agreement.

10

11 JOHN A. TARGOWSKI                         Date: 10-8-2021
   Attorney for Defendant
12 MARVIN WAYNE BRYANT, JR.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28